# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DEBORAH COTTER,**
  *individually, and as representative of a class of participants and beneficiaries, on behalf of the Matthews International Corporation 401(k) Plan,*

    Plaintiff,

    v.                                                                                                       Case No. 20-CV-1054-WCG-SCD

**MATTHEWS INTERNATIONAL CORPORATION,**

**THE BOARD OF DIRECTORS OF MATTHEWS INTERNATIONAL CORPORATION,**

**PENSION BOARD OF MATTHEWS INTERNATIONAL CORPORATION,** and

**JOHN DOES 1-30,**

    Defendants.

---

## REPORT AND RECOMMENDATION

---

Deborah Cotter, a participant in the Matthews International Corporation 401(k) Plan, has filed a proposed class action under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1101–1461, against Matthews International Corporation, the Board of Directors of Matthews International Corporation, the Pension Board of Matthews International Corporation, and John Does 1–30. *See* ECF No. 17. United States District Judge William C. Griesbach has referred the case to me to address any motions. *See* ECF No. 45. Currently pending are the defendants' motion to dismiss the amended complaint, ECF No. 22, and Cotter's Civil L. R. 7(h) expedited non-dispositive motion for leave to file a second

amended complaint, ECF No. 41. Allowing Cotter to file a second amended complaint would moot the defendants' motion to dismiss the amended complaint. *See, e.g.*, *Bertha v. Sullivan*, 719 F. App'x 516, 518 (7th Cir. 2017) ("The amended complaint became the operative complaint, making the pending motions to dismiss the *original* complaint irrelevant.") (citations omitted). Thus, I will first address whether Cotter should be allowed to amend her complaint again.

Because Cotter already amended her complaint once as a matter of course, *see* Fed. R. Civ. P. 15(a)(1), she may amend her pleading again "only with the opposing party's written consent or the court's leave," Fed. R. Civ. P. 15(a)(2). "Leave to file 'shall be given freely when justice so requires.'" *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792 (7th Cir. 2004) (quoting Fed. R. Civ. P. 15(a)). "Although leave to file a second amended complaint should be granted liberally, a district court may deny leave for several reasons including: 'undue delay, bad faith[,] or dilatory motive[,] . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'" *Dubicz*, 377 F.3d at 792 (quoting *Park v. City of Chicago*, 297 F.3d 606, 612 (7th Cir. 2002)). "Delay, standing alone, may prove an insufficient ground to warrant denial of leave to amend the complaint; rather, the degree of prejudice to the opposing party is a significant factor in determining whether the lateness of the request ought to bar filing." *Dubicz*, 377 F.3d at 792 (quoting *Park*, 297 F.3d at 613).

Cotter seeks leave to amend in light of *Albert v. Oshkosh Corp.*, No. 21-2789, 2022 U.S. App. LEXIS 24300 (7th Cir. Aug. 29, 2022), a recent Seventh Circuit case that addressed the pleading requirements in cases, like this one, alleging fiduciary breach following the Supreme Court's decision in *Hughes v. Northwestern University*, 142 S. Ct. 737 (2022). Cotter argues that justice requires granting her leave to file a second amended complaint "in order to supplement

2

her factual allegations given the evolving state of the law as found in *Hughes* and *Albert*." ECF No. 41 at 2. Cotter also contends that permitting her to amend would "allow[] for resolution on the merits rather than dismissal on mere technicalities." *Id.* The defendants argue that the court should deny leave to amend, grant their motion to dismiss the amended complaint, and dismiss this action with prejudice. *See* ECF No. 43. According to the defendants, Cotter improperly sought leave to amend via this district's expedited motion procedure. The defendants also maintain that Cotter has failed to demonstrate that justice requires allowing her to amend her complaint again and that leave should be denied for undue delay, bad faith, and futility.

Cotter should be permitted leave to file a second amended complaint. *First*, although expedited non-dispositive motion practice under Civil Local Rule 7(h) may not be the preferred mechanism for addressing the propriety of permitting an amended complaint, the local rule is not limited to time-sensitive matters, as the defendants suggest. Moreover, it does not appear that Cotter filed her motion that way to circumvent the rules for amending pleadings according to Rule 15(a). Cotter attached to her motion a copy of her proposed second amended complaint, *see* ECF No. 41-1, as required by Civil Local Rule 15. Cotter also explained—very briefly, I concede—that she wished to amend her complaint to provide additional context for her claims in light of two recent court decisions. And Cotter explicitly addressed the legal standard for amending pleadings under Rule 15(a). While perhaps the legal issues at stake in this case may not adequately be addressed within the page limitations of an expedited motion, it would be more efficient to grant leave to amend and permit the defendants to file a motion to dismiss the second amended complaint than to request additional briefing on the amendment issue.

3

*Second*, Cotter has sufficiently demonstrated that justice requires allowing her to file another amended complaint. Cotter's proposed second amended complaint does not include any new or additional claims. (In fact, the proposed amendment abandons her duty of loyalty claims.) Rather, it includes additional factual allegations in light of the recent decisions in *Hughes* and *Albert*, which explained the pleading requirements in cases like this one. It is reasonable given those unique circumstances to allow Cotter to supplement her pleadings.

*Finally*, the defendants have not identified any good reason why leave to amend should be denied. It's true that allowing Cotter to amend her pleadings will delay this matter, but that delay is not undue. Cotter filed her motion and proposed second amended complaint just two days after the Seventh Circuit issued its decision in *Albert*, the previous delay in this case is not attributable to Cotter, and the defendants' fear of future delay (awaiting the Seventh Circuit's decision on remand in *Hughes*) is too speculative to deny relief. Likewise, Cotter did not seek amendment in bad faith. She filed her motion immediately after the Seventh Circuit's binding, on-point decision and while the defendants' motion to dismiss was still pending. The parties agree that *Albert* sheds light on the issues in this case; its impact, however, cannot adequately be addressed via a notice of supplemental authority.

For similar reasons, I cannot say at this point that Cotter's proposed amendments are futile. The defendants point out that, in *Albert*, the Seventh Circuit affirmed the dismissal of claims nearly identical to the ones asserted here. That may be true. But the appellate court also emphasized that such "claims in a future case could survive the 'context-sensitive scrutiny of a complaint's allegations' courts perform on a motion to dismiss." *Albert*, 2022 U.S. App. LEXIS 24300, at *18 (quoting *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409, 425 (2014)).

4

Cotter seeks to amend her complaint to provide the solicited context. It's too early to tell if she's succeeded.

For the foregoing reasons, I **RECOMMEND** that the court **GRANT** the plaintiff's Civil L.R. 7(h) expedited non-dispositive motion for leave to file second amended complaint, ECF No. 41, and **DENY AS MOOT** the defendants' motion to dismiss the amended complaint, ECF No. 22.

Under 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72(b)(2), and E.D. Wis. Gen. L. R. 72(c), written objections to any recommendation herein, or part thereof, may be filed within fourteen days of service of this recommendation. The parties must file objections in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district judge shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the district judge in writing.

Dated in Milwaukee, Wisconsin, this 17th day of October, 2022.

_____
STEPHEN C. DRIES
United States Magistrate Judge