IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| Deborah Cotter, individually, and as a representative of a Class of Participants and Beneficiaries, on Behalf of the Matthews International Corporation 401(k) Plan,<br><br>Plaintiff,<br><br>vs.<br><br>Matthews International Corporation, *et al.*,<br><br>Defendants. | CASE NO. 20-CV-1054<br><br>JUDGE WILLIAM C. GRIESBACH |

**DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S CIVIL L.R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION FOR LEAVE TO AMEND AND DENY AS MOOT DEFENDANTS' MOTION TO DISMISS**

Defendants Matthews International Corp., the Board of Directors of Matthews International Corporation, the Pension Board of Matthews International Corporation, and John Does 1-30 (collectively, "Matthews") raise the following objections to the Report and Recommendation of the Magistrate Judge (ECF No. 46) to grant Plaintiff Deborah Cotter leave to amend her complaint for a third time based on a three-page expedited motion pursuant to Civil Local Rule 7(h) and deny as moot Mathews' motion to dismiss.

**1. The Report and Recommendation Fails To Assess The Legal Sufficiency Of Plaintiff's Proposed Amended Complaint**

Despite Plaintiff's decision to attach a proposed third amended complaint to her three-page motion to amend, the Report and Recommendation ("R&R") provides no independent analysis of whether the proposed amendment alleges facts sufficient to support a valid theory of liability, as it must do. *See Duda v. Board of Education of Franklin Park Public School District No. 84*, 133

F.3d 1054, 1057 (7th Cir. 1998) (reprimanding the district court for ruling on a motion for leave to amend "without making, as far as the record reflects, an independent assessment of its merits. This action was contrary to well-established law."). Rather, the R&R expressly defers this assessment, stating:

> I cannot say at this point that Cotter's proposed amendments are futile. The defendants point out that, in *Albert*, the Seventh Circuit affirmed the dismissal of claims nearly identical to the ones asserted here. That may be true. But the appellate court also emphasized that such "claims in a future case could survive the 'context-sensitive scrutiny of a complaint's allegations' courts perform on a motion to dismiss." *Albert*, 2022 U.S. App. LEXIS 24300, at *18 (quoting *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409, 425 (2014)). Cotter seeks to amend her complaint to provide the solicited context. It's too early to tell if she's succeeded.

ECF No. 46 at 4–5. This is incorrect as a matter of fact and law. As for the facts, Plaintiff's proposed third amended complaint is before the Court as an exhibit to Plaintiff's motion. As such, it is not "too early to tell" if the allegations in that draft complaint could survive a motion to dismiss. To the contrary, as discussed below, now is the time to make such a determination.

As for the law, Federal Rule of Civil Procedure 15 gives broad discretion to grant leave to amend, but the court must still determine whether it is prudent to deny leave to amend "where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Arreola v. Godinez,* 546 F.3d 788, 796 (7th Cir. 2008). The standard for assessing the futility of an amendment is "the same standard of legal sufficiency that applies under Rule 12(b)(6)," that is, whether "the complaint, as amended, would fail to state a claim upon which relief could be granted." *Gen. Electric Capital Corp. v. Lease Resolution Corp.,* 128 F.3d 1074, 1085 (7th Cir. 1997).

Absent from the R&R is any assessment of whether Plaintiff has carried her burden to show that the proposed amendment has substantial merit. *See Coleman v. City of Wausau*, 17-cv-63-

wmc, at *1 (W.D. Wis. Aug. 22, 2018) (quoting *Verhein v. South Bend Lathe, Inc.*, 598 F.2d 1061, 1063 (7th Cir. 1979) (denying leave where "the party moving to amend has not shown that the proposed amendment has substantial merit."); *see also Wade v. Hopper*, 993 F.2d 1246, 1249 (7th Cir. 1993) (upholding decision to deny leave to amend "after reading the proposed complaint" and agreeing "that the new complaint would be futile"). The R&R expressly defers any such assessment. Rather than assess the merits, the R&R simply takes Plaintiff at her word, noting that Plaintiff had explained "very briefly, I concede—that she wished to amend her complaint to provide additional context for her claims in light of two recent court decisions." ECF No. 46 at 3. Nowhere does the R&R state whether Plaintiff's proposed amendment had succeeded in adding sufficient additional context to meet the legal sufficiency standard under Rule 12(b)(6).

Deferring assessment of whether Plaintiff's proposed amendment has substantial merit not only absolves Plaintiff of her burden, but it also unduly prejudices Matthews, whose motion to dismiss Plaintiff's Amended Complaint remains pending. Compounding this prejudice is the limited argument Matthews was permitted in response to Plaintiff's proposed amendment. Plaintiff's use of an expedited motion procedure under Civil Local Rule 7(h) limited Matthews to a mere three pages to contest a 55-page proposed amended complaint — which essentially rewrites most of the operative complaint. Indeed, the R&R acknowledges and appears to even rely on this constraint to bolster the decision to defer assessment of the merits of Plaintiff's proposed amendment stating:

> While perhaps the legal issues at stake in this case may not adequately be addressed within the page limitations of an expedited motion, it would be more efficient to grant leave to amend and permit the defendants to file a motion to dismiss the second amended complaint than to request additional briefing on the amendment issue.

ECF No. 46 at 3. Independent analysis of the merits of a proposed amendment — not efficiency

— is the starting point for exercising discretion to allow or deny leave to amend. *See, e.g.*, *Brunt v. Service Employees Intern. Union*, 284 F.3d 715, 720 (7th Cir. 2002) (upholding district court's decision to deny leave based upon a determination that the "proposed amendment merely adds several factual allegations to their central claim" and that "even with these additional factual allegations, the complaint fails to support a claim").

Before any amendment is allowed, the Court should perform an independent analysis of the merits of the proposed amended complaint or, at the very least, the Court should require Plaintiff to carry her burden to show that the proposed amendment has substantial merit by filing a motion for leave to amend that does not limit the parties to three-page arguments.

**2. If the Court Nonetheless Grants Leave To Amend, Equity Requires That The Report and Recommendation Be Modified To Prevent Further Undue Prejudice To Matthews From Yet Another Motion For Leave To Amend.**

The purported purpose for Plaintiff's proposed amendment, as the R&R notes, is to supplement factual allegations to account for "the evolving state of the law as found in *Hughes* and *Albert*[,]" the latter being "a recent Seventh Circuit case that addressed the pleading requirements in cases, like this one, alleging fiduciary breach following the Supreme Court's decision in *Hughes v. Northwestern University*, 142 S. Ct. 737 (2022)." ECF No. 45 at 2–3. Yet Plaintiff's motion also notes that the Supreme Court remanded *Hughes* to the Seventh Circuit for further consideration, *which has not yet occurred*. *See* ECF No. 41 at 2. Once the Seventh Circuit considers the *Hughes* case on remand, Matthews fully expects Plaintiff to seek leave to file yet another amended complaint. Such delay and uncertainty is deeply prejudicial to Matthews.

Plaintiff has opted to seek to amend again without awaiting the Seventh Circuit's decision in *Hughes*. Accordingly, if the Court grants leave to amend, Plaintiff must not be allowed another opportunity to amend the complaint. Permitting Plaintiff to do so again would be unduly

prejudicial to Matthews, given that Matthers has already had to (i) prepare its response to the first complaint; (ii) make a motion to dismiss Plaintiff's First Amended Complaint (which has been *sub judice* for nine months); and (iii) respond to this motion for leave.  If leave is granted, Matthews will again have to move to dismiss this proposed Second Amended Complaint, and may then have to go about it all again after the Seventh Circuit considers *Hughes* on remand.

The Court has authority to limit leave to amend to protect Matthews from this undue prejudice — and it should do so.  *See Tex. Ujoints LLC v. Dana Holding Corp.*, No. 13-C-1008, at *4 (E.D. Wis. Sep. 9, 2014) (quoting Wright, Miller & Kane, 6 FEDERAL PRACTICE AND PROCEDURE § 1486 at 693 (West 2010) ("Under Rule 15(a), the court's authority to impose conditions on a motion to amend is inferred," particularly where "the party opposing the amendment can be protected by the use of conditions from any possible prejudice that might result[.]").  Alternatively, the Court should stay this case pending a decision from the Seventh Circuit's consideration of *Hughes* on remand.

Respectfully submitted, this 31st day of October, 2022,

| **REED SMITH LLP** | **HUSCH BLACKWELL LLP** |
|---|---|
| */s/ Samuel Kadosh* | Ann M. Maher (Wisc. Bar ID No. 1000529) |
| Steven Cooper | 511 North Broadway |
| Samuel Kadosh | Suite 1100 |
| 599 Lexington Avenue | Milwaukee, WI 53202 |
| New York, NY 10022 | Tel: 414-978-5411 |
| Tel: 212-521-5400 | Fax: 414-223-5000 |
| Fax: 212-521-5450 | Email: ann.maher@huschblackwell.com |
| Email: scooper@reedsmith.com | |
| Email: skadosh@reedsmith.com | |

*Attorneys for Matthews International Corporation, the Board of Directors of Matthews International Corporation, the Pension Board of Matthews International Corporation, and John Does 1-30.*

\* \* \* \* \*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **Objections To Report And Recommendation To Grant Plaintiff's Civil L.R. 7(H) Expedited Non-Dispositive Motion For Leave To Amend And Deny As Moot Defendants' Motion To Dismiss** was electronically filed with the Clerk of Court using the CM/ECF system, which automatically serves notification of such filing to all counsel of record.

This 31st day of October, 2022.

/s/ *Samuel Kadosh*
Samuel Kadosh
skadosh@reedsmith.com
