UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DEBORAH COTTER, individually and as representative of a class of participants and beneficiaries of the Matthews International Corporation 401(k) Plan,

        Plaintiff,

      v.                    Case No. 20-C-1054

MATTHEWS INTERNATIONAL CORPORATION, et al.,

        Defendants.

---

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

      On August 9, 2023, Magistrate Judge Stephen C. Dries recommended that I grant Defendants' motion to dismiss Plaintiff's second amended complaint and dismiss the case. Plaintiff filed objections to the Report and Recommendation and, in the alternative, motion for leave to file a third amended complaint. After careful consideration of the Report and Recommendation, Plaintiff's objections, and the record as a whole, the court adopts the Report and Recommendation of the Magistrate Judge in its entirety. Plaintiff did not object to the Magistrate Judge's recommended dismissal of her investment management fee claims; therefore, the court dismisses those claims. With respect to Plaintiff's recordkeeping fee claim, the court concludes that the Magistrate Judge has correctly analyzed Plaintiff's purported comparators and found them to be disparate to the plan at issue. Without any comparators, the complaint contains no allegations that the amount of recordkeeping and administrative fees paid by the Plan breached the fiduciary duty of prudence. Finally, Plaintiff's breach of the duty to monitor claim is derivative

of the breach of fiduciary duty claim. Because Plaintiff failed to state a breach of fiduciary duty claim, she also failed to state a breach of the duty to monitor claim.

Along with her objections, Plaintiff filed a motion for leave to file a third amended complaint. While courts should freely grant leave to amend the pleadings, grounds to deny leave to amend include "undue delay, bad faith, dilatory motive, prejudice, or futility." *Guise v. BWM Mortg., LLC*, 377 F.3d 795, 801 (7th Cir. 2004) (citation omitted). The court will deny the motion. This case was filed on July 13, 2020, and Defendants have already been through two rounds of motions to dismiss. Plaintiff seeks to amend the complaint for a third time to add new comparator plans within a much narrower band based on participant and asset size. But she does not explain why she could not have included these comparators in an earlier complaint. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 431 (7th Cir. 2009) (affirming denial of leave to amend complaint where information on which the proposed amendment was based was publicly "available long before he sought leave to amend"). Granting leave to amend yet again would require a third round of briefing on the very same issues and cause undue prejudice to Defendants. At some point, there must be some endpoint to this time-consuming and expensive cycle of litigation. For these reasons, Plaintiff's motion to amend is denied.

**IT IS THEREFORE ORDERED** that Magistrate Judge Dries' Report and Recommendation (Dkt. No. 63) is **ADOPTED**.

**IT IS FURTHER ORDERED** that, for the reasons stated in the Report and Recommendation, Defendants' motion to dismiss Plaintiff's second amended complaint (Dkt. No. 51) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file a second amended complaint (Dkt. No. 66) is **DENIED**.

**IT IS FURTHER ORDERED** that this case is dismissed. The Clerk is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin this 19th day of January, 2024.

                                                    s/ William C. Griesbach
                                                    William C. Griesbach
                                                    United States District Judge